FILED by MM D.C.

Jan 17, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## 23-10002-CR-MOORE/SNOW

CASE NO. _____

18 U.S.C. § 371

UNITED STATES OF AMERICA

v.

BATYR MYATIEV,

      Defendant.

## INFORMATION

The Acting Assistant Attorney General charges that:

At all times relevant to this Information, or as otherwise indicated herein:

1. **BATYR MYATIEV**, the defendant, was a resident of Key West, Florida.

2. Between November 2010 and October 2020, the defendant owned and operated several labor staffing companies, including Vita Solutions, Inc.; Golden Coral Total Service, Inc.; Best Results Total Services, Inc.; Ameri Hosp LLC; and Golden Sands Management, LLC (collectively, "labor staffing companies"). Through these labor staffing companies, **BATYR MYATIEV** and others provided workers to hotels, bars, and restaurants operating in the Southern District of Florida.

## SUMMARY OF THE SCHEME

3. As alleged in this Information, **BATYR MYATIEV** and others facilitated the employment in the hospitality industry of non-resident aliens who were not authorized to work in the United States. By obtaining and paying workers through the defendant's labor staffing companies, hotels, bars, and restaurants operating in Key West and elsewhere attempted to

1

disclaim responsibility for ensuring that: (1) workers were legally authorized to work in the United States, and (2) federal income and employment taxes were withheld and paid over to the Internal Revenue Service (IRS).

## INTRODUCTION

4. The IRS was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

5. The Federal Insurance Contribution Act (FICA) required employers to withhold Medicare and Social Security taxes from their employees' wages. The Internal Revenue Code also required employers to withhold federal income taxes from their employees' wages. Employers held these taxes in trust for the United States and were required to pay them over to the IRS on behalf of their employees. Collectively, these withheld taxes will be referred to as "trust fund taxes."

6. In addition to the trust fund taxes, employers were required to pay over an employer portion of FICA taxes. The trust fund taxes along with the employer's portion of FICA taxes will be collectively referred to as "employment taxes."

7. United States Citizenship and Immigration Services (USCIS) was a United States governmental agency whose primary responsibility was to enforce the nation's immigration laws.

8. The USCIS Form I-9, Employment Eligibility Verification, (USCIS Form I-9) required that an employee attest to his or her employment authorization. The employee must also present acceptable documents evidencing identity and employment authorization to the employer. The employer must examine the employment eligibility and identity documents to determine whether the documents reasonably appear to be genuine and to relate to the employee. The

employer was required to record employee identity information on the USCIS Form I-9 and maintain those records onsite.

## COUNT ONE
(Conspiracy against the United States)

9. The factual allegations contained in Paragraphs 1 through 8 of this Information are re-alleged and incorporated herein.

10. Beginning in November 2010 and continuing through October 2020, within the Southern District of Florida and elsewhere, the defendant,

**BATYR MYATIEV**,

V.L., G.C., and others known and unknown to the United States, unlawfully, voluntarily, intentionally, and knowingly conspired, combined, confederated, and agreed together and with each other (1) to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the IRS in the ascertainment, computation, assessment, and collection of federal income taxes and employment taxes, and (2) to commit offenses against the United States, namely (a) encouraging and inducing aliens to come to, enter, or reside in the United States knowing or in reckless disregard of the fact that such coming to, entry, or residence was or would be in violation of law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and, (b) concealing, harboring, and shielding from detection aliens knowing or in reckless disregard of the fact that such aliens had come to, entered, or remained in the United States in violation of law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii).

### Manner and Means

11. In furtherance of the conspiracy, **BATYR MYATIEV**, V.L., G.C., and others known and unknown to the United States entered into written contracts and verbal agreements with hotels, bars, and restaurants in Key West and elsewhere to provide labor staffing services.

3

These agreements helped the defendant's customers attempt to disclaim responsibility for ensuring that workers were legally authorized to work in the United States and that federal employment taxes were withheld and paid over to the IRS, when, in fact, many of the defendant's customers knew or had reason to believe that the workers provided under these agreements were not authorized to work in the United States and that federal income and employment taxes were not being withheld and paid over to the IRS.

12. In furtherance of the conspiracy, **BATYR MYATIEV**, V.L., G.C., and others known to the United States facilitated the employment of more than 100 alien workers by hotels, bars, and restaurants in Key West and elsewhere knowing or in reckless disregard of the fact those alien workers were not legally present in the United States and did not have authorization to work in the United States. The workers employed at the hotels, bars and restaurants who used defendant's labor staffing services did not attest to their eligibility to work in the United States on USCIS Forms I-9, and he failed complete or maintain the requisite USCIS Form I-9 records for each worker.

13. In furtherance of the conspiracy, **BATYR MYATIEV**, V.L., G.C., and others known and unknown to the United States paid workers without withholding federal income or employment taxes from the workers' gross wages.

14. In furtherance of the conspiracy, **BATYR MYATIEV**, V.L., G.C., and others known and unknown to the United States failed to prepare and file with the IRS requisite Form W-2, Wage and Tax Statements, for workers employed at hotels, bars, and restaurants in Key West and elsewhere through the defendant's labor staffing companies.

## Overt Acts

15. On or about November 7, 2019, Golden Sands Management, LLC, issued check number 24674 to M.S. in the amount of $988.70. This amount represented untaxed wages to M.S. earned for labor provided through Golden Sands Management, LLC, to a marina in Key West, Florida. During the time of his employment, M.S. was not lawfully present in the United States nor was he authorized to work in the United States.

In violation of Title 18, United States Code, Section 371.

MARKENZY LAPOINTE
United States Attorney

*[signature]*

Sean Beaty, Senior Litigation Counsel
District Court No. A5501870
Jessica A. Kraft, District Court No. A5502644
Nicolas J. Schilling Jr., District Court No. A5502809
Matthew C. Hicks, District Court No. A5502778
Wilson Rae Stamm, District Court No. A5503006
Trial Attorneys
U.S. Department of Justice, Tax Division
Christopher Clark, Florida Bar No. 0588040
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA            CASE NO.:

v.

Batyr Myatiev,                      **CERTIFICATE OF TRIAL ATTORNEY***

_____/        Superseding Case Information:
                Defendant.
**Court Division** (select one)      New Defendant(s) (Yes or No) Yes
☐ Miami    ☒ Key West    ☐ FTP      Number of New Defendants 1
☐ FTL      ☐ WPB                    Total number of New Counts 1

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3.  Interpreter: (Yes or No) No
    List language and/or dialect: _____

4.  This case will take 0 days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                    (Check only one)
    I    ☒ 0 to 5 days                  ☐ Petty
    II   ☐ 6 to 10 days                 ☐ Minor
    III  ☐ 11 to 20 days                ☐ Misdemeanor
    IV   ☐ 21 to 60 days                ☒ Felony
    V    ☐ 61 days and over

6.  Has this case been previously filed in this District Court? (Yes or No) No
    If yes, Judge _____  Case No. _____
7.  Has a complaint been filed in this matter? (Yes or No) No
    If yes, Magistrate Case No. _____
8.  Does this case relate to a previously filed matter in this District Court? (Yes or No) No
    If yes, Judge _____  Case No. _____
9.  Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____

DOJ Senior Litigation Counsel
Court ID No.  A5501870

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

PENALTY SHEET

Defendant's Name: BATYR MYATIEV

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Conspiracy (Dual Object) | 18 U.S.C. § 371 | Max Imprisonment: 5 years<br>Max Fine: $250,000 or twice the greater of the gross gain or loss<br>Max Supervised Release Term: 3 years |

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No. |
| | ) |
| Batyr Myatiev, | ) |
| *Defendant* | ) |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Scott A. Hiaasen
_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*