UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   4:23-cr-10002-Moore

UNITED STATES OF AMERICA

v.

BATYR MYATIEV,

Defendant.

_____

## STIPULATED FACTUAL BASIS

1.   BATYR MYATIEV, the defendant, was a resident of Key West, Florida.

2.   Between November 2010 and October 2020, the defendant owned and operated several labor staffing companies, including Vita Solutions, Inc.; Golden Coral Total Service, Inc.; Best Results Total Services, Inc.; Ameri Hosp LLC; and Golden Sands Management, LLC (collectively, "labor staffing companies"). Through these labor staffing companies, defendant BATYR MYATIEV and others provided workers to hotels, bars, and restaurants operating in the Southern District of Florida.

3.   Defendant BATYR MYATIEV and others facilitated the employment in the hospitality industry of non-resident aliens who were not authorized to work in the United States. By obtaining and paying workers through the defendant's labor staffing companies, hotels, bars, and restaurants operating in Key West and elsewhere attempted to disclaim responsibility for ensuring that: (1) workers were legally authorized to work in the United States, and (2) federal income and employment taxes were withheld and paid over to the Internal Revenue Service (IRS).

1

4.     The IRS was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

5.     The Federal Insurance Contribution Act (FICA) required employers to withhold Medicare and Social Security taxes from their employees' wages. The Internal Revenue Code also required employers to withhold federal income taxes from their employees' wages. Employers held these taxes in trust for the United States and were required to pay them over to the IRS on behalf of their employees. Collectively, these withheld taxes will be referred to as "trust fund taxes."

6.     In addition to the trust fund taxes, employers were required to pay over an employer portion of FICA taxes. The trust fund taxes along with the employer's portion of FICA taxes will be collectively referred to as "employment taxes."

7.     United States Citizenship and Immigration Services (USCIS) was a United States governmental agency whose primary responsibility was to enforce the nation's immigration laws.

8.     The USCIS Form I-9, Employment Eligibility Verification (USCIS Form I-9), required that an employee attest to his or her employment authorization. The employee must also present acceptable documents evidencing identity and employment authorization to the employer. The employer must examine the employment eligibility and identity documents to determine whether the documents reasonably appear to be genuine and to relate to the employee. The employer was required to record employee identity information on the USCIS Form I-9 and maintain those records onsite.

9.     Beginning in November 2010 and continuing through October 2020, within the Southern District of Florida and elsewhere, defendant **BATYR MYATIEV** and others known and unknown to the United States unlawfully, voluntarily, intentionally, and knowingly conspired,

2

combined, confederated, and agreed together and with each other to commit the following crimes against the United States: (1) impeding, impairing, obstructing, and defeating the lawful government functions of the IRS in the ascertainment, computation, assessment, and collection of federal income taxes and employment taxes, in violation of 26 U.S.C. § 7202, (2) encouraging and inducing aliens to come to, enter, or reside in the United States knowing or in reckless disregard of the fact that such coming to, entry, or residence was or would be in violation of law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and (3) concealing, harboring, and shielding from detection aliens knowing or in reckless disregard of the fact that such aliens had come to, entered, or remained in the United States in violation of law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), all in violation of 18 U.S.C. § 371.

10.     In furtherance of the conspiracy, defendant **BATYR MYATIEV** and others known and unknown to the United States entered into written contracts and verbal agreements with hotels, bars, and restaurants in Key West and elsewhere to provide labor staffing services. These agreements helped the defendant's customers attempt to disclaim responsibility for ensuring that workers were legally authorized to work in the United States and that federal employment taxes were withheld and paid over to the IRS, when, in fact, many of the defendant's customers knew or had reason to believe that the workers provided under these agreements were not authorized to work in the United States and that federal income and employment taxes were not being withheld and paid over to the IRS.

11.     In furtherance of the conspiracy, defendant **BATYR MYATIEV** and others known to the United States facilitated the employment of more than 100 alien workers by hotels, bars, and restaurants in Key West and elsewhere knowing or in reckless disregard of the fact those alien workers were not legally present in the United States and did not have authorization to work in the

United States. The workers employed at the hotels, bars and restaurants who used defendant's labor staffing services did not attest to their eligibility to work in the United States on USCIS Forms I-9, and the defendant failed to complete or maintain the requisite USCIS Form I-9 records for each worker.

12.     In furtherance of the conspiracy, defendant **BATYR MYATIEV** and others known and unknown to the United States paid workers without withholding federal income or employment taxes from their gross wages.

13.     In furtherance of the conspiracy, defendant **BATYR MYATIEV** and others known and unknown to the United States failed to prepare and file with the IRS requisite Forms W-2, Wage and Tax Statements, for workers employed at hotels, bars, and restaurants in Key West and elsewhere through the defendant's labor staffing companies.

14.     On or about September 4, 2019, Golden Sands issued check number 17432 to G.C. in the amount of $2,000. This amount represented untaxed wages G.C. earned through his work with Golden Sands. During the time of his employment, G.C. was not lawfully present in the United States nor was he authorized to work in the United States.

15.     On or about November 7, 2019, Golden Sands Management, LLC, issued check number 24674 to M.S. in the amount of $988.70. This amount represented untaxed wages to M.S. earned for labor provided through Golden Sands Management, LLC, to a marina in Key West, Florida. During the time of his employment, M.S. was not lawfully present in the United States nor was he authorized to work in the United States.

16.     The tax loss to the United States arising from defendant **BATYR MYATIEV**'s role in this scheme between November 2010 and October 2020 is more than $3,500,000.

DAVID A. HUBBERT
Acting Assistant Attorney General
U.S. Department of Justice, Tax Division

Sean Beaty
Jessica A. Kraft
Trial Attorneys
U.S. Department of Justice, Tax Division

Batyr Myatiev
Defendant

Scott A. Hiaasen
Attorney for Defendant Batyr Myatiev

5